## JOHN D. WILSON *vs.* DAVID TERRY.

After proof of a man's declaration of his intention to leave a town, evidence is competent, upon the question of his domicil, to show that he was not there except occasionally and for short visits afterwards.

A new trial will not be granted merely because the instructions to the jury were expressed in an abstract form, if the law was stated correctly and it does not appear probable that the jury were misled.

CONTRACT brought by the collector of Freetown to recover taxes assessed in that town upon Job Terry, the defendant's testator, for the year 1861.

At the second trial in the superior court, before *Brigham,* J., after the decision reported in 9 Allen, 214, the only question in issue was whether Job Terry had his domicil in Freetown on the 1st of May 1861. The plaintiff introduced evidence tending to prove that Job Terry had his domicil in Little Compton, Rhode Island, from 1855 to March 1860; that he spent the summer of 1860 in travelling, and in the autumn came to Freetown, where he resided upon an estate occupied by his son, the defendant, till February 1861. Amongst other evidence, the plaintiff offered a written statement of Henry M. Tompkins, town clerk of Little Compton, which it was agreed should be taken as if given in the form of a deposition, that before leaving Little Compton Job Terry informed the town officers that he should no longer make that his residence; and that he had ⸲ o recollection of seeing Job Terry more than twice in Little Compton after the 20th of March 1860, and at each time of his coming he stayed in the town (as ʹTompkins thought) less than a week. The defendant objected to this statement, except so far as it contained statements of Job Terry; but the judge admitted it.

The defendant offered evidence tending to prove that the residence of Job Terry continued in Little Compton, and that h often claimed that to be his residence during the time he was in Freetown; and asked the court to rule that the intention to abandon a domicil, and actual residence at another place, if not accompanied with the intention of remaining there permanently

or at least for an indefinite time, would not produce a change of domicil.

The judge declined so to rule, and instructed the jury as follows:

" One may be said to have a domicil in that place which constitutes the principal seat of his residence, of his business pursuits, connections, attachments, and of his political and municipal relations. Domicil in any place is acquired by residence there of a person with the intent to regard and make that place his home. Domicil in any place is abandoned by removal by a person from a place of residence with an intention not to return there or make there his home. Both in acquiring and abandoning a domicil the act and intent must concur. A person always has a domicil in some place ; and therefore a domicil once fixed continues and attaches to a person until another domicil is acquired and substituted for it, although as to such domicil there has been a concurrence of the act and intent of abandonment. The acts and intents of persons, in the matter of their domicil, may be inferred from their declarations and conduct."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. C. Blaisdell,* for the defendant.

*C. I. Reed,* for the plaintiff.

COLT, J. The whole statement of Henry M. Tompkins appears on examination to contain no testimony which was inadmissible, although at a former trial it seems to have been assumed that only the evidence of the declarations of Terry therein contained was competent. *Wilson* v. *Terry,* 9 Allen, 214.

The instructions given by the court correctly stated the law of domicil, as applicable to the facts of the case, and embraced in a different form the instructions asked for by the defendant. It is true that these instructions were given in general propositions, but it does not appear that the judge did not make proper reference to the evidence applicable to them, or that the jury failed to appreciate them and apply them to the case.

*Exceptions overruled.*